IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TREVON STOKLEY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BRISTOL BOROUGH SCHOOL | : | |
| DISTRICT, *et al.*, | : | NO.  13-3277 |
| Defendants. | : | |

## MEMORANDUM

PRATTER, J.                                                                                                                SEPTEMBER 4, 2013

Plaintiff Trevon Stokley alleges that Defendants Bristol Borough School District, Bristol High School, Erica Corbezzolo, and Roger Roth racially discriminated against him when they falsely accused him of cheating and then punished him more harshly than two white students who had actually cheated.  In addition to a Title VII discrimination claim, Mr. Stokley has asserted an intentional infliction of emotional distress claim against the Defendants, claiming that this differential treatment caused him severe emotional distress.  Defendants have moved to dismiss the intentional infliction of emotional distress claim only.  Mr. Stokley opposes Defendants' motion, and the matter is ripe for decision.

FACTUAL AND PROCEDURAL BACKGROUND

Trevon Stokley, an African American, claims that while enrolled as a senior at Bristol High School, he was subject to discriminatory and retaliatory treatment by white teachers and administrators.  According to the Complaint, in May 2011, two white students in Mr. Stokley's Computer Applications class were caught cheating.  Mr. Stokley alleges that even though he was in no way involved in this incident, his teacher, Roger Roth, later told Mr. Stokley that he suspected that Mr. Stokley also cheated and retroactively changed his grade on the assignment.

Mr. Stokley contends that Mr. Roth changed "many" of Mr. Stokley's previous grades based on these suspicions but did not treat the two white students as harshly.

Mr. Stokley's mother then met with Mr. Roth and Erica Corbezzolo, her son's guidance counselor,[1] to discuss the situation. When she told them that she believed that her son was being treated more harshly than the two white students who were caught red-handed, the Dean of Students claimed that her son also cheated on his final exam in English, despite the fact that Mr. Stokley's English teacher never approached him about any allegations of cheating. Mr. Stokley alleges that as a result of all of these false accusations, he was forbidden from participating in his high school graduation ceremony and forced to attend summer school.

Mr. Stokley filed the instant Complaint, asserting two causes of action against Defendants. First, he claims that Defendants violated Title VII by discriminating against him based on his race. Second, he claims that Defendants' discriminatory conduct caused him "extreme emotional distress," such that they are liable for intentional infliction of emotional distress under Pennsylvania law. It is this second count that Defendants target in their motion to dismiss.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted) (alteration in

---

[1] As to Ms. Corbezzolo, Mr. Stokley alleges that he and Ms. Corbezzolo did not get along and that she told the father of Mr. Stokley's girlfriend that Mr. Stokley was a "thug."

original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citation omitted).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). The question is not whether the claimant will ultimately prevail but whether the complaint is "sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011) (citation omitted). An assessment of the sufficiency of a complaint is thus "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) (citations omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must only consider those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also Twombly*, 550 U.S. at 555 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."). The Court also must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v.*

*Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010).  That admonition does not demand the Court turn its back on reality.  The Court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and quotations omitted), or a plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

**DISCUSSION**

To set forth a claim for intentional infliction of emotional distress under Pennsylvania law, a plaintiff must allege that defendants' conduct was "(1) extreme and outrageous; (2) intentional or reckless; and (3) caused severe emotional distress."  *Hargraves v. City of Philadelphia*, Civil Action No. 05-4759, 2007 WL 1276937, at *3 (E.D. Pa. Apr. 26, 2007).  Defendants argue that the conduct alleged here is insufficiently outrageous and extreme to support a claim for intentional infliction of emotional distress.  Mr. Stokley counters, quite simply, that subjecting an African American student to harsher discipline than white students, particularly for an offense the African American student did not commit, is patently outrageous.

As reprehensible as deliberate discrimination can be, "[c]ourts in this District have repeatedly found that racial discrimination alone does not meet the 'extreme and outrageous conduct' standard necessary to state a claim for intentional infliction of emotional distress."  *Id.* (collecting cases).  Indeed, the Pennsylvania Supreme Court has ruled that, to make out a claim for intentional infliction of emotional distress, "'[i]t has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation

that would entitle the plaintiff to punitive damages for another tort.'" *Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998) (quoting Restatement (Second) of Torts § 46, comment d).

"Although racial discrimination is completely unacceptable in our society, . . . the plaintiff must prove that the conduct is outrageous in *character*, and not just in *motive*." *Forbes v. Rhode Island Bhd. of Correctional Officers*, 923 F. Supp. 315, 330 (D.R.I. 1996) (emphasis added).  Discrimination cases in which accompanying intentional infliction of emotional distress claims also are allowed to proceed involve much more egregious conduct than even that which is alleged here, most often involving assault or threats of assault.  *See, e.g., DiSalvio v. Lower Merion High Sch. Dist.*, 158 F. Supp. 2d 553 (E.D. Pa. 2001) (denying motion to dismiss intentional infliction of emotional distress claim when a teacher repeatedly sexually harassed a student, including by inappropriately touching her on multiple occasions); *Lane v. Cole*, 88 F. Supp. 2d 402, 406 (E.D. Pa. 2000) ( noting that while "[i]nvidious discrimination is not alone sufficient to support an intentional infliction of emotional distress claim," "[t]he ejection of a tenant from her home with threats of violence in retaliation for her refusal to accede to racial discrimination is another matter").  Because, setting aside the outrageousness of the alleged *motive* in this case, Mr. Stokley's allegations regarding Defendants' *conduct* do not rise to the level of physicality (or its equivalent, such as, for example, deliberately announcing racially motivated untruths for public consumption and attendant public ridicule and the like) and, hence, outrageousness necessary to sustain a claim for intentional infliction of emotional distress, the Court will dismiss this tort claim.  The dismissal, of course, has no bearing on Mr. Stokley's remaining racial discrimination count.

**CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' motion to dismiss. An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge
